1

1          UNITED STATES DISTRICT COURT
           EASTERN DISTRICT OF NEW YORK
2

3    ------------------------------X
     UNITED STATES OF AMERICA,
4                               :  CR-13-402 (WFK)

5        -against-             :  United States Courthouse
                                  Central Islip, New York
6    JOHN DOE,
                                :  November 19, 2013
7                 Defendant.      3:00 p.m.
     ------------------------------X
8
                          (SEALED)
9               TRANSCRIPT OF MOTION HEARING
          BEFORE THE HONORABLE WILLIAM F. KUNTZ, II
10            UNITED STATES DISTRICT COURT JUDGE

11
     APPEARANCES:
12
     For the Government:    LORETTA E. LYNCH, ESQ.
13                          UNITED STATES ATTORNEY
                            BY: AMANDA HECTOR, ESQ.
14                              DARREN LAVERNE, ESQ.
                                EVAN NORRIS, ESQ.
15                          Assistants United States Attorneys

16
     For the Defendant:    MAURICE SERCARZ, ESQ.
17                         MARION SELTZER, ESQ.

18

19

20
     Official Court Reporter:    Frederick R. Guerino, CSR
21   Ph. (631) 712-6105          100 Federal Plaza - Suite 1180
                                 Central Islip, New York 11722
22

23

24
              Proceedings recorded by mechanical stenography.
25                  Transcript produced by CAT.

2

1          THE COURT CLERK:  Criminal cause for Curcio

2    hearing, docket number CR-13-402.

3          MS. HECTOR:  Amanda Hector for the government,

4    H-e-c-t-o-r, along with Darren Laverne, L-a-v-e-r-n-e and

5    Evan Norris, spelled the typical way.

6          Good afternoon, your Honor.

7          THE COURT:  Good afternoon.  You may be seated.

8          MR. SERCARZ:  Maurice Sercarz.

9          Good afternoon, your Honor.

10          THE COURT:  Good afternoon.

11          Any other counsel who wish to state their

12    appearances on the record?

13          MR. NORRIS:  Not at this time, your Honor.

14    Amanda will be leading the government on this.

15          THE COURT:  Ladies and gentlemen, we are here to

16    conduct a public hearing for an order to close the

17    courtroom during the unnamed defendant's proceeding, and

18    to seal the transcript of and exhibits to the proceeding,

19    and any orders and minute entries associated with the

20    proceeding.  Notice of this motion was publically filed on

21    the Docket yesterday morning, 24 hours before this

22    hearing, and includes the time and place of this hearing.

23          I have in my possession three documents relevant

24    to this proceeding.  The first is a government's cover

25    letter in connection with the motion to close the

3

1    courtroom and file documents under seal.  Publicly filed

2    on the Docket are November 17 of 2013.  The cover letter

3    indicates the hearing is to be conducted today, November

4    19, 2013 at three p.m.  The letter also indicates that the

5    sealed motion to close the courtroom and the proposed

6    closure order were provided to defendant's counsel.  I

7    have marked this cover letter as Exhibit 1 for

8    identification -- Court Exhibit 1 for identification.  The

9    second document is the government's motion to close the

10   courtroom and to file documents under seal, which is dated

11   November 18, 2013.

12         The motion was filed under seal.  The motion was

13   provided to the defendant and defendant's counsel.  I have

14   marked this motion as Court Exhibit 2 for identification.

15         The third document is the government's proposed

16   order to close the courtroom and file documents under

17   seal, dated November 19, 2013.  I have marked that

18   proposed order as Court Exhibit 3 for identification.

19         The public and the press are qualified First

20   Amendment right to access to criminal proceedings;

21   therefore, the power to close the courtroom during such

22   proceedings is one that is seldomly exercised, and even

23   then only with the greatest caution under urgent

24   circumstances, and for very clear and apparent reason.

25         Therefore, before determining whether closure of

4

1    the courtroom is warranted, the Court must make findings

2    on the record in open court to demonstrate the need for

3    the exclusion of the public and the press.

4        The first issue the Court must determine is

5    whether there exists a substantial probability of

6    prejudice to a compelling interest of the defendant,

7    government or third-party, which closure of the courtroom

8    would resent.

9        Secondly, where a substantial probability of

10   prejudice to a compelling interest is found, the Court

11   must consider whether reasonable alternatives to closure

12   can adequately protect the compelling interest that would

13   be prejudiced by public access.

14       Third, if such alternatives are inadequate to

15   protect the compelling interest, the Court must determine

16   whether the prejudice to the compelling interest overrides

17   the qualified First Amendment right of access.

18       Fourth, and finally, if the Court finds the

19   closure is warranted, the Court must devise a closure

20   order that protects the endangered interest and is

21   narrowly tailored to that purpose.

22       With those standards, the Court will now hear

23   from the paries and public, beginning with the public.

24       Anyone from the public wish to be heard?

25       I hear no public comment.

5

1          We will now turn to the government and defense

2     counsel and hear your views with respect to this.

3          MS. HECTOR:  Your Honor, for the government, I

4     just note that this is a joint motion of the government

5     and defense counsel.  And for the reasons set forth in our

6     letter motion the Court referenced, we believe that it is

7     consistent with U.S. v. Alcantera, and that there are

8     adequate reasons to close the courtroom.  So we would ask

9     the Court to make such findings on the record and close

10    the courtroom and seal the proceedings, as your Honor

11    indicated prior.

12         THE COURT:  I will hear from defense counsel.

13         MR. SERCARZ:  Your Honor, we join in that, for

14    the reasons set forth in the government's letter.

15         THE COURT:  Upon consideration of the joint

16    motion of the United States of America and the defendant

17    John Doe filed under seal for an order to close the

18    courtroom during the proceedings on November 19, 2013 to

19    continue to use the name John Doe for the defendant's name

20    on the Docket sheet, court calendars, and all documents

21    not filed under seal, and to seal the transcript of the

22    proceedings, any orders entered in connection with the

23    minute entries associated with the proceeding of this

24    order, having scheduled the public hearing on the motion

25    and notified the public of the hearing by listing the

6

1    date, time and location of the hearing on the public

2    Docket at least 24 hours in advance of this hearing, and

3    the Court's public calendar, and having held the public

4    hearing of the motion at which the parties and any

5    intervenors were provided the opportunity to be heard

6    based on the submissions of the parties, the Court makes

7    the following findings:

8           One.  There is a substantial probability that

9    the use of the defendant's name on the Docket sheet, court

10   calendars, and all documents not filed under seal in this

11   matter would prejudice a compelling interest of the

12   government and the integrity of significant government

13   activities entitled to confidentiality, including ongoing

14   investigations of serious crimes;

15          Two.  There's a substantial probability of the

16   public receiving the defendant's true name would prejudice

17   the string of significant government activities entitled

18   to confidentiality, including ongoing investigations of

19   serious crimes;

20          Three.  No reasonable alternative to closure of

21   the courtroom exists that can adequately protect the

22   compelling interest that would be prejudiced by public

23   proceedings as identified above; and

24          Four.  The prejudice to the compelling interest

25   identified above overrides the public and the media's

7

1  qualified First Amendment right to access these

2  proceedings.

3          Accordingly, pursuant to U.S. v. Alcantera, 396

4  F.3d 189, Second Circuit 2005, and United States v. John

5  Doe, 63 F.3d 121, Second Circuit 1995, it is ordered that

6  the name John Doe continue to be substituted for the

7  defendant's name on the Docket sheet, the courts

8  calendars, and all documents not filed under seal in this

9  matter, and the case be captioned United States v. John

10 Doe.

11         It's further ordered that the motion to close

12 the courtroom during the proceeding and to seal the

13 transcript of the proceedings any orders entered in

14 connection with and minute entries associated with that

15 proceeding and this order hereby granted.

16         It's further ordered that the closure of the

17 courtroom be tailored by requiring the government, with

18 advance notice to the defendant, to disclose the

19 transcript as required by the decision in Brady v.

20 Maryland, 373 US 83 decided in 1963, and 18 U.S.C.,

21 Section 3500 and/or Rule 16 of the Federal Rules of

22 Criminal Procedure.

23         It is further ordered the closure of the

24 courtroom be tailored by requiring the government and the

25 defendant to move this court to unseal the transcript of

1    the proceeding and any orders entered in connection with

2    the proceeding, and to substitute the defendant's true

3    name to John Doe in the caption, when the prejudice to the

4    parties interest no longer outweighs the public's and

5    media's qualified right to access.

6         It is further ordered that the public Docket

7    will immediately be amended to reflect the occurrence of

8    the hearing on the motion to close the courtroom, the

9    disposition of the motion, and the fact of courtroom

10   closure, to be so ordered, dated Brooklyn, New York,

11   November 19, 2013, and entered by this court, Judge

12   William F. Kuntz II, Eastern District of New York.

13        I now invite the public to leave the courtroom

14   and direct superior officers to seal the courtroom.

15        (Pause)

16

17        THE COURT CLERK:  We are here for criminal

18   Curcio hearing Docket number 13-CR-402, U.S.A. v. John

19   Doe.

20        Counsel, may you please state your appearances

21   for the record.

22        MS. HECTOR:  Amanda Hector, Darren Laverne, and

23   Evan Norris for the government.  Thank you.

24        THE COURT:  Good afternoon.

25        MR. SERCARZ:  For the defendant Maurice Sercarz,

9

1    S-e-r-c-a-r-z and Marion Seltzer.

2              Good afternoon.

3              THE COURT:  And with you today is?

4              MR. REO:  Mr. Doe, your Honor.

5              THE COURT:  Good afternoon, Mr. Doe.

6              THE DEFENDANT:  Good afternoon, Judge.

7              THE COURT:  Are there any other counsel who wish

8    to state their appearance for the record?

9              All right.  We'll proceed.

10             This hearing was scheduled, Mr. Doe, to advise

11   you of a potential conflict that may arise between you and

12   your attorney, and to advise you that you have a

13   constitutional right to representation by an attorney who

14   has no conflict of interest.  These hearings are called

15   Curcio hearings, and the reason for that is they are named

16   after a case decided by the United States Court of Appeals

17   for the Second Circuit, which was called United States v.

18   Curcio, 680 F.2d 881, a Second Circuit case decided in

19   1982.

20             The purpose of this hearing is to make very

21   sure, to make certain that you understand your right to

22   conflict-free counsel.  That you understand the potential

23   for conflict, and that you have the opportunity to confer

24   with your attorney and with Ms. Seltzer, the independent

25   attorney appointed by this court, to advise you about some

10

1    of the potential conflicts that may arise.  To make a

2    decision as to whether you want to waive any conflict and

3    proceed with your current counsel, or to retain new

4    counsel, or to have one appointed by the Court, if you

5    cannot afford to hire an attorney on your own.  There are

6    many fine attorneys available for the Court to appoint.

7            The Court will be required to and would in fact

8    disqualify a defense counsel who has an actual unwaivable

9    conflict of interest.  By that I mean a conflict so severe

10   in nature that no rational person would waive his or her

11   right to conflict-free representation.

12           For example, if your counsel were married to one

13   of the opposing prosecution counsel or to the judge in the

14   case, like that, would not be a waive ability conflict.

15   Where there is, however, only a potential conflict, that

16   is to say, when the interests of the defendant may place

17   the attorney under inconsistent duties at some time in the

18   future, the Court conducts a <u>Curcio</u> hearing to determine

19   whether the defendant will knowingly and intelligently

20   waive his right or her right to conflict-free

21   representation.

22           Do you understand what I have said, sir?

23           THE DEFENDANT:  Yes, Judge.

24           THE COURT:  Now, sir, how old are you?

25           THE DEFENDANT:  I'm 39 years old.

11

1          THE COURT:  Beginning with secondary school,
2    would you briefly describe your educational background.
3          THE DEFENDANT:  I went to high school in
4    Trinidad/Tobago.  After there, I did my first degree at
5    the University of West Indies in Trinidad.  I did that
6    from '92 to '95.  I did my first free sociology and
7    manageable studies.  I went to College University from
8    August '97 through December '98 where I did my MBA in
9    finance.
10          THE COURT:  Would you briefly describe your
11    employment history?
12          THE DEFENDANT:  After I graduated in December
13    '98 from public university, I started to work February 1,
14    1999 for Price Waterhouse Cooper in Fairfax, Virginia.  I
15    worked there for approximately two and a half years, then
16    I moved to south Florida.  I worked for a company called
17    Sentor.  It's a management consulting company based in
18    western Florida, a subset of Ft. Lauderdale.  I left there
19    in 2002, the middle of 2002, returned to Trinidad, and
20    worked ever since then in the family business from
21    December 2002 till present, with a wonderful company.
22          THE COURT:  And the family business, sir, is?
23          THE DEFENDANT:  Predominantly real estate,
24    commercial and residential, as well as we own a travel
25    agency.  We own a security company, and a hotel.

12

1           THE COURT:  Is the family business conducted in

2    corporate form or partnership form, or doing business as,

3    how is it organized?

4           THE DEFENDANT:  Corporate Limited.

5           THE COURT:  What is the name of the company?

6           THE DEFENDANT:  It is -- the parent name is

7    Warner.  W-a-r-n-e-r.  The parent company consists of

8    other companies, but the parent company is called Warner,

9    and consists of other companies.

10          THE COURT:  Are you an officer, director, or

11   employee of any or all of the companies?

12          THE DEFENDANT:  Director of the entire group.

13          THE COURT:  Including the parent company?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Thank you.

16          Now, sir, have you taken any drugs, any

17   medicine, or any pills, or consumed any alcoholic

18   beverages within the past 24 hours?

19          THE DEFENDANT:  I had a glass of wine last night

20   at approximately seven p.m.

21          THE COURT:  Do you understand what is happening

22   here today?

23          THE DEFENDANT:  Yes, I do.

24          THE COURT:  I address this question to defense

25   counsel, then to prosecution counsel.

13

1          Defense counsel, do you have any doubt as to the

2     defendant's competence at this time?

3          MR. SERCARZ:  None, Judge.

4          THE COURT:  And prosecution, do you?

5          MS. HECTOR:  No.

6          THE COURT:  The Court hereby finds, based on the

7     record of the defendant's representations, and the

8     representations of all counsel of record, that the

9     defendant is competent.

10          Let me ask the same question to Curcio counsel.

11          Do you have a same view, madam counsel?

12          MS. SELTZER:  Yes, Your Honor.

13          THE COURT:  You have the same view?

14          MR. SERCARZ:  Absolutely.

15          THE COURT:  Mr. Doe, I will read the charges set

16     forth in the sealed indictment to which you pled guilty

17     pursuant to a plea agreement on July 15 of 2013, unless

18     you and your counsel waive the reading of that

19     information, of the sealed information.

20          Have you waived a reading of that sealed

21     information?

22          MR. SERCARZ:  We do, your Honor.

23          THE COURT:  Prosecution waive it as well?

24          MS. HECTOR:  Yes, your Honor.

25          THE COURT:  Okay.

14

1          Now, the charges, as you know, are quite

2     serious, and they are felony charges.  I will address,

3     Mr. Doe, your right to counsel.

4          The Sixth Amendment of the United States

5     Constitution guarantees every defendant the right to

6     effective assistance of counsel.  Your attorney accepted

7     payment for your legal fees from and by your father, who

8     is under investigation by the government.  These payments

9     raise ethical questions as to whether your attorney's

10    loyalties are with you, his client or your father the one

11    who is paying the legal fees.  This is a conflict of

12    interest that may deny you the defendant, the right to

13    effective assistance of counsel.  You, sir, have the right

14    to be represented by an attorney whose only loyalty and

15    only interest is in defending your interests.  This court

16    has appointed an attorney to represent you, or would

17    appoint an attorney to represent you if you could not

18    afford an attorney, and there are many fine attorneys

19    available for the Court to appoint.  I am now going to

20    explain it's potential conflict.

21          I am informed that your father has assisted you

22    in paying the legal fees of your attorney.  I am also

23    informed that your father is under investigation by the

24    government.  It's possible that any advice your attorney

25    has given you, or may give you in the future with respect

15

1    to how to proceed in this case, may be influenced by the

2    fact that he has accepted payment of his fee from your

3    father.

4              For example, though you have chosen to pursue

5    cooperation with the government, and indeed have already

6    pled guilty pursuant to a cooperation agreement, it's

7    possible that your attorney may not have been, and still

8    may not be, able to provide you with a completely

9    independent assessment of whether you should pursue

10   cooperation with the government, especially in the event

11   your cooperation requires that you testify or provide

12   other evidence against your own father.

13             There may be other issues, in addition to the

14   ones that I have just described, that can arise in which

15   your attorney's ability to do certain things might be

16   affected by the type of conflict we have just discussed.

17   No one can perceive every possible conflict of interest.

18             Do you, sir, have any questions at all about

19   what I just explained to you?

20             THE DEFENDANT:  No, your Honor.

21             THE COURT:  Can you tell me, sir, in your own

22   words, what you understand the potential conflict of

23   interest to be?

24             THE DEFENDANT:  Your Honor, in my words I

25   believe that the potential conflict of interest could stem

16

1    from the standpoint that my father, Jack Warner, paid part

2    of my legal fees to my attorney, Mr. Sercarz, and the

3    potential conflict of interest might be that he might have

4    some controlling interest with Mr. Sercarz.

5              THE COURT:  Now, you have the right to be

6    represented by an attorney, who does not have any possible

7    conflict of interest in representing you, at all stages of

8    this case, including this stage.  If you proceed with your

9    attorney, you will be giving up that right.

10             Do you understand that, sir?

11             THE DEFENDANT:  Yes, your Honor.

12             THE COURT:  Have you discussed these issues with

13   your attorney?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  Now, you also have the right to

16   consult with independent attorney who can advise you about

17   the possible conflict of interest, and I encourage you to

18   do so.

19             Have you done that?

20             THE DEFENDANT:  I already have done this, your

21   Honor.

22             THE COURT:  Do you understand that, right?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  What counsel have you consulted

25   with?

17

1          THE DEFENDANT:  Ms. Marion Seltzer.

2          THE COURT:  Who is with you here today to your

3    immediate right in this courtroom, correct?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Now, sir, you are not under any

6    pressure to make any decision about this today.  You are

7    entitled, if you wish, to a reasonable period of time to

8    think more about these matters or to consult further with

9    Ms. Seltzer, if you wish to do so, or with any other

10   attorney before you advise this court as to what you wish

11   to do.

12          Does counsel assure this Court that there will

13   be no conflict that could result in lack of effective

14   assistance of counsel or prejudice to the defendant?

15          MR. SERCARZ:  Is that addressed to me or

16   independent counsel?

17          THE COURT:  To you, sir.

18          MR. SERCARZ:  I do, your Honor.

19          THE COURT:  Ms. Seltzer, what is your view?

20          MS. SELTZER:  Mr. Sercarz is doing a terrific

21   job, and there's no reason to find that there's a conflict

22   of interest.

23          THE COURT:  Now, regarding independent counsel,

24   Mr. Doe, as I previously mentioned, you have the right to

25   consult with your independent counsel.

1    I believe you have consulted with her; is that

2   correct?

3         THE DEFENDANT:  Yes, your Honor.

4         THE COURT:  And in the course of that, without

5   invading what you talked about in particular, you had the

6   right to discuss with her possible conflicts of interest

7   that might arise if you were to proceed with your current

8   counsel.  I requested that Ms. Seltzer attend the

9   proceeding today, and she has done so, to advise you if

10  you so desire, and she is seated to your right as we have

11  noted earlier.  I would strongly urge you to take as much

12  additional time to consult with Ms. Seltzer, if needed, to

13  discuss the issues we have just discussed.

14        Do you need more time to discuss it with her?

15        THE DEFENDANT:  No, your Honor.

16        THE COURT:  Have you had an opportunity to

17  discuss it with her today?

18        THE DEFENDANT:  Yes, your Honor.

19        THE COURT:  Ms. Seltzer, do you need more time

20  to discuss this with your client?

21        MS. SELTZER:  No, Judge.

22        THE COURT:  I'm prepared to take an adjournment

23  if you do.  Are you sure?

24        MS. SELTZER:  I'm sure.

25        THE COURT:  Okay.

1            Now, Mr. Doe, have you had a chance to discuss

2     the issues that we have just discussed with your attorney.

3            THE DEFENDANT:  Yes, your Honor.

4            THE COURT:  As well as Ms. Seltzer?

5            THE DEFENDANT:  Yes, your Honor.

6            THE COURT:  Can you tell me in your own words

7     again what you understand the potential conflicts of

8     interest to be?

9            THE DEFENDANT:  I understand the potential

10    conflict of interest to be with my father Jack Warner who

11    paid part of my legal fees, that it might be believed or

12    alleged that he can sway the attorney with my cooperation

13    with the United States Government.

14           THE COURT:  Now, as I mentioned before, you have

15    the right to receive effective assistance of counsel, and

16    that means that you have the right to be represented by an

17    attorney who does not have any possible conflict of

18    interest in representing you at all stages of this case,

19    including this stage.  If you proceed with your current

20    attorney, as I said before and I will say it again, you

21    will be giving up that right.

22           Do you understand that, sir?

23           THE DEFENDANT:  Yes, Your Honor.

24           THE COURT:  Sir, do you wish to waive your right

25    to separate counsel now?

20

1      THE DEFENDANT:  Yes, your Honor.

2      THE COURT:  And do you wish to waive your right

3  to separate counsel throughout this proceeding.

4      THE DEFENDANT:  Yes, your Honor.

5      THE COURT:  Is there anything further that any

6  counsel wishes to state to the Court today?

7      MR. SERCARZ:  No.  Thank you, your Honor.

8      MS. SELTZER:  No, Judge.

9      MS. HECTOR:  No, your Honor.

10     THE COURT:  This Court adjourns these

11 proceedings.  And this Court finds that the conflict is a

12 waivable conflict, and has in fact been waived on the

13 basis of knowledge on the part of the defendant who has

14 been advised by his own counsel, and who has been advised

15 by distinguished and learned Curcio counsel the nature of

16 the conflict.  He understands the nature of the conflict.

17 He's an intelligent, well-educated defendant who has

18 stated the basis of his knowledge, and the Court finds

19 that he is knowledgeably waiving any potential conflict.

20 That is the finding of this Court.

21     This court is adjourned.  We will adjourn the

22 proceeding, excluding the time and interest of justice.

23 We need to do that?  We have a situation where we don't

24 need to do that.

25     Is there anything else either set of counsel

1    wish to say?

2              MR. SERCARZ:  No.  Thank you, your Honor.

3              MS. HECTOR:  No, your Honor.

4              THE COURT:  Thank you.

5              We are adjourned until the next available date.

6              MS. HECTOR:  Thank you, your Honor.

7              MR. SERCARZ:  Thank you, Your Honor.

8              MS. SELTZER:  Thank you, your Honor.

9              MR. NORRIS:  Good afternoon, Your Honor.

10             THE COURT:  Good afternoon.

11             (The proceedings are concluded.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25